900 So.2d 1063 (2005)
Michael C. FRANK, Administrator of the Succession of Henry Taylor, Jr.
v.
BOARD OF LEVEE COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT.
No. 2004-CA-0358.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 2005.
*1064 Stephen O. Scandurro, Jean-Paul Layrisson, Scandurro & Layrisson, L.L.C., New Orleans, LA, for Plaintiff/Appellee (Lemona H. Chandler, Administratrix of the Succession of Henry Taylor, Jr.).
George L. Carmouche, George L. Carmouche, a PLC, and Jeffrey T. Nichols, Nichols & Nichols, L.L.C., Baton Rouge, LA, for Defendant/Appellant.
(Court composed of Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO JR.).
MICHAEL E. KIRBY, Judge.
The defendant, the Board of Commissioners of the Orleans Levee District ("Levee District"), appeals the portion of the October 14, 2003 trial court judgment finding it liable to plaintiff, Lemona H. Chandler, Administratrix of the Succession of Josephine and Henry Taylor, Jr., for attorneys' fees. Plaintiff answered the appeal, challenging the portion of the judgment awarding legal interest only from the judicial demand date of July 2, 1993.
This appeal is limited to the trial court's awards of interest and attorneys' fees to plaintiff, the Administratrix of the Succession of Josephine and Henry Taylor, two of the original owners of the property upon which the Bohemia Spillway was created in the 1920's.[1] The factual history of this case is set forth in Vogt v. Levee District, XXXX-XXXX, pp. 1-2 (La.App. 4 Cir. 3/27/02), 814 So.2d 648, 650 as follows:
Act 99 of the 1924 Louisiana Legislature authorized the Levee Board to acquire property, either by purchase, donation, or expropriation, for the purpose of creating the Bohemia Spillway in Plaquemines Parish. The Levee Board exercised that authority and acquired the properties necessary for construction of the spillway.
In 1983, Article VII, § 14 of the Louisiana Constitution was amended to provide for the return of property, including mineral rights, to a former owner from whom the property had previously been expropriated when the legislature declared that the public and necessary *1065 purpose that originally supported the expropriation had ceased to exist. The amendment also ordered the return of the property of the former owner under such terms and conditions as specified by the legislature.
Pursuant to this constitutional amendment, the legislature enacted Act 233 of 1984, which declared that the public purpose of the Bohemia Spillway had ceased to exist and directed the Levee Board to return the ownership of the property to the owners or their successors from whom the property was acquired by expropriation or by purchase under threat thereof. This Act authorized the Louisiana Department of Natural Resources to determine entitlement to certification for eligibility for return of property. After the Louisiana Supreme Court upheld the constitutionality of Act 233 of 1984,[2] the Levee Board transferred title to the properties certified by the Department of Natural Resources to the former landowners or their successors in 1991 and 1992. Act 233 of 1984 was subsequently amended and reenacted by Act 819 of 1985, Act 847 of 1992, Act 1364 of 1997, and Act 1378 of 1999.
Plaintiff filed suit against the Levee District in 1993, seeking the return of royalties and interest along with other relief. On the eve of trial in 2003, the plaintiff and the Levee District entered into several stipulations. The stipulations relevant to this appeal are as follows: The Levee District agreed that it is liable to the Succession of Josephine and Henry Taylor, Jr. for damages in the principal amount of $166,842.53. The parties agreed that this principal amount is derived primarily from royalty production attributable to a tract of immovable property that the Levee District conveyed to the Succession on December 3, 1990. The parties also agreed that they would file legal memoranda on the following issues to be resolved by the trial court without testimony: the proper measure and amount of interest due, whether the plaintiff is due additional damages (including exemplary damages under the Mineral Code), costs and attorneys' fees, and if applicable, the proper measure and amount of costs and attorneys' fees due. In the event that the trial court determined that court costs and attorneys' fees were due, then the parties reserved the right to an evidentiary hearing to determine the amount.
The trial court rendered judgment on October 14, 2003 in favor of plaintiff and against the Levee District in the total principal amount of $166,842.50. For the period from July 1991 to July 1993, the court ordered that interest was to accrue according to Act 1364 of the 1997 Louisiana Legislature, which authorized interest payments representing the annual, average rate of return earned by the Levee District on its income-producing investments during that time period. The court further ordered that legal interest is due and payable on the total principal amount of $166,842.50 from the date of judicial demand on July 2, 1993 until paid, plus attorneys' fees and costs. The court also ordered that the amount of attorneys' fees were to be fixed at a contradictory hearing to be conducted at a later date.
In its appeal, the Levee District challenges plaintiff's entitlement to an award of attorneys' fees. Specifically, the Levee District argues that the trial court erred in awarding attorneys' fees in the absence of a contract between the parties and without *1066 statutory authorization. The Levee District contends that there was no contract between the parties authorizing the award of attorneys' fees, and that Act 233 of the 1984 Louisiana Legislature, which was the basis for this litigation, does not contain a provision for attorneys' fees.
The plaintiff argues that the trial court awarded attorneys' fees on the grounds that there was a violation of the Takings Clauses of the Fifth Amendment of the United States Constitution and/or Article I, Section 4 of the Louisiana Constitution. She notes that a prevailing party in a wrongful taking action brought under 42 U.S.C. Section 1983 is entitled to an award of costs under 42 U.S.C. Section 1988(b), and that the latter statute specifies that attorneys' fees are part of the "costs" of litigating an action successfully.
We first note that the record does not show why the trial court decided that an award of attorneys' fees was appropriate in this case. The trial court rendered judgment on October 14, 2003, which included an award of attorneys' fees, after stating that "[t]his matter is before the Court based on the Stipulations in the record, and the agreement of the parties made in open court on July 28, 2003, to allow the Court to render a final judgment based on the evidence, arguments of counsel, the law, and the Stipulations." The trial court did not issue reasons for judgment, and the record does not include a transcript of the trial court proceedings held on July 28, 2003.
As a general rule, attorneys' fees may not be awarded to a successful litigant unless specifically provided for by statute or contract. Campbell v. Melton, 2001-2578, p. 15 (La.5/14/02), 817 So.2d 69, 80. There is no contract between the parties providing for an award of attorneys' fees. Plaintiff's cause of action stems from the enactment of Act 233 of the 1984 Louisiana Legislature, which does not contain a provision authorizing the award of attorneys' fees.
Plaintiff argues that even though Act 233 does not provide for an award of attorneys' fees, that fact does not preclude an award for attorneys' fees based on another law. Specifically, she points to a federal court decision rendered in another Bohemia Spillway case in which attorneys' fees were awarded to plaintiffs under 42 U.S.C. Section 1983 for a violation of the Takings Clause of the Fifth Amendment to the United States Constitution. See, Vogt v. Levee District, 2002 WL 31748618, p. 9 (E.D.La.12/5/02). However, in an earlier case involving other landowners in the Bohemia Spillway litigation, this Court upheld a trial court's decision that those plaintiffs were not entitled to an award of attorneys' fees because of the trial court's finding that the Levee District's actions did not constitute a wrongful taking prohibited by the Louisiana and United States Constitutions. See, Vogt v. Levee District, 98-2379, p. 12 (La.App. 4 Cir. 6/9/99), 738 So.2d 1142, 1149.
Furthermore, the 2002 federal court decision cited by plaintiff is distinguishable from the instant case. This federal court case was a collection case in which the plaintiffs asserted a takings claim in federal court after the Levee District refused to satisfy a state court judgment in favor of plaintiffs ordering the Levee District to reimburse plaintiffs for mineral royalties derived from their land. In the instant case, the Levee District stipulated its liability to plaintiff on the principal amount, and was first ordered to pay the principal amount in the same judgment in which it was also ordered to pay attorneys' fees to plaintiff. Therefore, the Levee District was ordered to pay plaintiff's attorneys' fees before it had a chance to satisfy the *1067 judgment on the principal amount.[3] Because of the strong distinction between the instant case and the circumstances present in the federal court case of Vogt v. Levee District, 2002 WL 31748618, p. 9 (E.D.La. 12/5/02), we find no merit in plaintiff's argument that this federal court decision supports the award of attorneys' fees in this case.
As stated above, there is no contractual or statutory authorization for the award of attorneys' fees in this case. Additionally, in the earlier decision of Vogt v. Levee District, 98-2379, (La.App. 4 Cir. 6/9/99), 738 So.2d 1142, this Court upheld a trial court's finding that the Levee District's actions in the Bohemia Spillway matter did not constitute a wrongful taking. These factors, along with the distinction between this case and the federal court case of Vogt v. Levee District, 2002 WL 31748618, p. 9 (E.D.La.12/5/02), lead us to conclude that the trial court in the instant case erred in awarding attorneys' fees to plaintiff. That portion of the judgment is hereby reversed.
Next, the plaintiff answered the appeal, arguing that the trial court erred in failing to award the Succession the civil fruits measured by legal interest or by the amounts actually earned by the Levee District from 1984 to the date of demand. The trial court judgment awarded the statutory interest rate, in accordance with Legislative Act 1364 of 1997, for the period from July 1, 1991 through July 1, 1993, and awarded legal interest from July 2, 1993 until paid. The plaintiff argues the Succession should be awarded legal interest from 1984 to the date of judicial demand. Plaintiff contends that the legal interest rate should be applied as of 1984 when the Legislature passed Act 233 to require the return of the land and royalties to the original landowners or their heirs.
Plaintiff's right to an award of interest is statutorily derived. Act 1364 of the 1997 Louisiana Legislature, which amended and reenacted Section 1 of Act 233 of 1984, included the following provision:
The board [Levee District] shall return to the owners and/or the successors of the owners of such property an amount equal to all revenues produced since June 29, 1984 until paid from property which was acquired by the board by expropriation or by purchase under threat of expropriation. In addition, the board shall pay to such owners and/or the successors interest on such revenues from July 1, 1991 until paid. The rate of such interest shall be the annual, average interest rate earned by the board on its income-producing investments during the same time period as determined by the legislative auditor.
In Vogt v. Levee District, 98-2379 (La. App. 4 Cir. 6/9/99), 738 So.2d 1142, other property owners in the Bohemia Spillway litigation argued that the trial court erred in failing to hold the Levee District liable for interest from the date of receipt of each royalty payment. Citing the 1997 amendment to Act 233 of 1984, this Court rejected the plaintiffs' argument, holding that this amendment on the issue of interest is substantive in nature and therefore not entitled to retroactive application. Id. This Court also held that the provisions of Act 233 of 1984 do not mandate that interest be awarded from the date of receipt of the royalty payments. Id. The Court upheld the trial court's award of interest from date of judicial demand. Id.
*1068 We find no merit in plaintiff's argument that the trial court erred in not awarding the Succession either the interest actually earned by the Levee District from 1984 or alternatively, legal interest from 1984 to the date of demand. We base our decision on this Court's earlier decision in Vogt v. Levee District, 98-2379 (La.App. 4 Cir. 6/9/99), 738 So.2d 1142, and on the lack of any authorization in Act 233 of 1984 for the type of interest award calculations suggested by plaintiff. The trial court awarded interest in strict accordance with the provisions of the 1997 amendment to Act 233 of 1984. We find no error in that award.
For the reasons stated above, the portion of the trial court judgment relating to the award of interest is affirmed. The portion of the judgment awarding attorneys' fees is reversed.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] For a detailed review of the litigation involving thee Bohemia Spillway, please see this Court's earlier opinions in Vogt v. Levee District 98-2379 (La.App. Cir. 6/9/99), 738 So.2d 1142and XXXX-XXXX (La.App. 4 Cir. 3/27/02), 814 So.2d 648.
[2] See Board of Commissioners of the Orleans Levee District v. Department of Natural Resources, 496 So.2d 281 (La. 1986).
[3] The Levee District states that it paid plain tiff the principal and undisputed portion of the interest award "almost immediately" after the judgment was entered. The plaintiff does not dispute that assertion.